**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT WHITLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:21-cv-00516-SEP |
| v. ) | |
| ) | |
| ST. LOUIS COUNTY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Before the Court are Defendant St. Louis County's two Motions to Dismiss or, in the Alternative, For More Definite Statement. Docs. [12], [16]. For the reasons set forth, the Defendant's first Motion to Dismiss, Doc. [12], is granted, and the second Motion to Dismiss, Doc. [16], is denied as moot.

**FACTUAL BACKGROUND**

Plaintiff Robert Whitlock filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, on May 3, 2021, against Defendant, alleging gender discrimination and retaliation. Doc. [1] at 1, 4-5. In support of his claims, Plaintiff alleges that "[he] spoke with the human resource person Faye Snow and she stated that they were not going to listen to me because [he] was a male. She stated that the women are only heard." *Id.* at 5.

On July 9, 2021, and in response to the Court's July 1, 2021, Order, *see* Doc. [4], Plaintiff filed a document entitled "SUPPLEMENTAL re 1 Complaint" which purports to be the Charge of Discrimination which he filed with the Missouri Commission on Human Rights (MCHR). Doc. [5]. The Charge contains allegations that Plaintiff, an "African American-Male," began working for Defendant in December 2015, and that he "work[s] in Detention as a Recreational Therapist." *Id.* The Charge states that around April 2019, Plaintiff was "accused of something [he] did not do," and that the Defendant "did not look into the alleged incident." *Id.* When Plaintiff spoke to Human Resources and filed a grievance, "she[1] commented 'you know that they will go with what the woman says.'" *Id.* The Charge asserts that Plaintiff "was being completely ignored and accused of something [he] did not do," and that "[b]ecause of this [his] schedule was changed"; "[he] did not receive the pay

---

[1] The Charge does not identify the person who made this statement. A fair reading suggests that this person was a human resources employee.

1

[he] normally received"; and "[he] ended up having to take off work without pay due to not having two days off in a row." *Id.* Because of this ordeal, Plaintiff "had co-workers thinking [he] did something wrong." *Id.* The Charge says that Plaintiff "know[s] of another co-worker who was in a similar situation," and that "[n]othing happened to him and there was a proper investigation." *Id.* This unidentified co-worker was not African American. *Id.*

On October 8, 2021, the Defendant filed its first motion to dismiss, arguing that Plaintiff's Complaint and July 9th filing fail to plead facts sufficient to state claims for gender discrimination and retaliation under Title VII. Doc. [12] ¶¶ 8-14. On October 13, 2021, Plaintiff filed a second supplemental to the Complaint entitled "SUPPLEMENT re 1 Complaint." Doc. [14]. That filing consists of screenshots of emails sent from an email address ostensibly belonging to Plaintiff to the same email address as well as addresses purportedly belonging to Faye Snow and Kellie Landaker. *Id.* at 1-16. Some of those emails contain screenshots of text conversations between two unidentified phone numbers. *Id.* at 4-10, 12-13.

On October 27, 2021, the Defendant filed a second motion to dismiss, Doc. [16], arguing that Plaintiff's October 13th filing, if treated as an amendment to the Complaint, failed to cure the issues outlined in the Defendant's first motion to dismiss. Doc. [16] ¶ 4. Thereafter, Plaintiff filed a third "SUPPLEMENT re 1 Complaint" on November 11, 2021. Doc. [17]. In his third supplement, Plaintiff argues that he worked for [Defendant] and that he suspects that "before they made Faye Snow resign [sic] they did not coach the new person about me." *Id.* He also states that

> "[a]s you can see from one other document that St. Louis County responded to [his] claim [sic] Human right [sic] Document that's attached . . [sic]  St.louis [sic] County responded with false information. St.louis [sic] County also know [sic] that my statements are true and if we went into a courtroom [he] will handle this case [himself]."

*Id.* The referenced document purports to be a letter to Plaintiff from the MCHR outlining the Defendant's response to Plaintiff's allegations, as well as a portion of Plaintiff's 2019 W-2 identifying his employer as "St. Louis County." *See* Doc. [17-1] at 1-3.

Both of Defendant's motions were filed before the Court issued its Case Management Order (CMO). *See* Doc. [21]. Under Local Rule 4.01(B), Plaintiff had until October 22, 2021, to respond to the first motion, and until November 10, 2021, to respond to the second. *See* E.D. Mo. L.R. 4.01(B). Plaintiff filed no response to either motion.[2]

---

[2] Even if the Court were to apply the more generous briefing schedule provided in the CMO, any response Plaintiff might file would still be untimely. *See* Doc. [21] I.5.

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Nunes v. Lizza*, 12 F.4th 890, 895 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). While Federal Rule of Civil Procedure Rule 8(a)(2) "does not require 'detailed factual allegations,'" "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). On a motion to dismiss, the Court must accept all factual allegations as true, *Ashcroft*, 556 U.S. at 678, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

When a plaintiff proceeds *pro se*, courts must give the complaint a liberal construction. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). A liberal construction does not require the Court to assume facts not alleged, *Stone*, 364 F.3d at 914-15, or to excuse the *pro se* litigant from following the Court's local rules or the Federal Rules of Civil Procedure, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**DISCUSSION**

**I.      The Court will not consider Plaintiff's July 9th, October 13th, and November 2nd filings.**

The Court is unsure whether Plaintiff intended to amend his complaint by his July 9th, October 13th, and November 2nd filings. Docs. [5], [14], [17]. The filings are neither referenced in nor appended to the complaint, *see Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003), and they do not indicate whether Plaintiff intended them to serve as amended complaints. Plaintiff did not move for leave to file the documents as amended complaints.

Because a plaintiff must set out his claims in a comprehensive pleading, the Court will disregard the July 9th, October 13th, and November 2nd filings when evaluating Defendant's motions to dismiss. *See Jackson v. K-9 Unit*, 2021 WL 4902458, at *3 (E.D. Mo. Oct. 21, 2021) (slip op.) ("The Court does not accept amendments to the complaint through supplements, declarations, notices, or other piecemeal amendments. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.") (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).

**II.     The Complaint fails to state claims for relief.**

    **A.  The Complaint fails to plead a gender discrimination claim.**

"Title VII prohibits discrimination in employment on the basis of gender." *Fiero v. CSG Sys., Inc.*, 759 F.3d 874, 878 (8th Cir. 2014) (citing *Wierman v. Casey's Gen. Stores*, 683 F.3d 984, 993 (8th Cir. 2011)). While, "[a]t the pleading phase, a plaintiff need not plead facts establishing a prima facie case for their Title VII claim," *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (citing *Wilson v. Ark. Dep't of Human Servs.*, 850 F.3d 368, 372 (8th Cir. 2017); *Ring v. First Interstate Mortg., Inc.*, 984 F.2d 924, 926-27 (8th Cir. 1993)), "the 'elements of the prima facie case are [not] irrelevant to a plausibility determination in a discrimination suit'", *id.* (quoting *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016)). "The allegations in a complaint must give *plausible support* to the reduced prima facie requirements that arise under *McDonnell Douglas*, which in turn reduces the facts needed to be *pleaded* under *Iqbal*." *Id.* (quoting *Wilson*, 850 F.3d at 372) (internal quotation marks omitted). Thus, the *prima facie* elements of the *McDonnell Douglas* framework "are 'part of the background against which a plausibility determination should be made.'" *Id.* (quoting *Blomker*, 831 F.3d at 1056). A plaintiff establishes a *prima facie* case for gender discrimination by showing that: (1) he belongs to a protected group; (2) he was qualified for his job; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of gender discrimination. *Fiero*, 759 F.3d at 878 (quoting *Wells v. SCI Mgmt., L.P.*, 469 F.3d 697, 700 (8th Cir. 2006)).

Plaintiff has failed to plead a plausible discrimination claim. The section of the Complaint where Plaintiff was invited to allege facts supporting his claim contains two sentences: "I spoke with the human resource person Faye Snow and she stated that they were not going to listen to me because I was a male. She stated that the women are only heard." Doc. [1] ¶ 12. First, while he names St. Louis County as a Defendant, *see* Doc. [1] at 2, Plaintiff does not allege any facts showing that he was employed by St. Louis County. *See* 42 U.S.C. § 2000e-2(a)(1) ("[i]t shall be an unlawful employment practice *for an employer* to . . . discriminate . . ."). Second, Plaintiff does not allege what his job was, or how he was qualified for it. Third, Plaintiff does not allege that he suffered an "adverse employment action"; he alleges only that a member of human resources stated that she believed some unidentified third parties were not going to believe Plaintiff at some future time. *See Rester v. Stephens Media, LLC*, 739 F.3d 1127, 1131 (8th Cir. 2014) ("An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage.") (quoting *Wilkie v. Dep't of Health & Human Servs.*, 638 F.3d 944, 954-55 (8th Cir. 2011)).

4

### B. The Complaint fails to plead a retaliation claim.

In addition to protecting individuals from discrimination based on certain characteristics, "Title VII's antiretaliation provision forbids employer actions that 'discriminate against' an employee . . . because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (quoting 42 U.S.C. § 2000e-3(a)).  Unlike Title VII's substantive antidiscrimination provision, the antiretaliation provision "is not limited to discriminatory actions that affect the terms and conditions of employment." *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 174 (2011) (quoting *Burlington N.*, 548 U.S. at 64).  The antiretaliation provision "prohibits any employer action that 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (quoting *Burlington N.*, 548 U.S. at 68); *see also Burlington N.*, 548 U.S. at 67 ("In our view, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.") (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)) (internal quotation marks omitted).

To state a *prima facie* case of retaliation, Plaintiff must allege: "(1) [he] engaged in statutorily protected conduct; (2) [he] suffered an adverse employment action; and (3) a causal connection exists between the two." *Wilson*, 850 F.3d at 372 (quoting *Wells*, 469 F.3d at 702).  While the complaint need not contain specific facts establishing the *prima facie* case under *McDonnell Douglas*, there must be sufficient facts to provide "plausible support" that those elements are met. *Id.* (citing *Littlejohn v. City of New York*, 795 F.3d 297, 309, 316 (2d Cir. 2015)).

Even "[u]nder the 'simplified notice pleading standard' that governs retaliation claims," *Wilson*, 850 F.3d at 372, the Complaint fails to allege facts that (1) Plaintiff either "opposed" an employment practice forbidden by Title VII or "participated in" an activity covered by Title VII; (2) Plaintiff suffered a "materially adverse" consequence imposed by his employer for such opposition or participation; and (3) a causal connection existed between the materially adverse consequence and Plaintiff's protected activity.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's first Motion to Dismiss, Doc. [12], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant's second Motion to Dismiss, Doc. [16], is **DENIED as moot**.

5

**IT IS FURTHER ORDERED** that the case is **DISMISSED without prejudice.** A separate order of dismissal shall be filed herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 26th day of August, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE