**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT WHITLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:21-cv-00516-SEP |
| | ) | |
| ST. LOUIS COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Robert Whitlock's Motion for Reconsideration.  Doc. [28].  For the reasons set forth below, the motion is denied.

### FACTS & BACKGROUND

Plaintiff Robert Whitlock filed this action against Defendant St. Louis County, alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, the details of which are set out in the Court's August 26, 2022, Order.  *See* Doc. [26].  In that Order, the Court concluded that the Complaint failed to state claims of gender discrimination or retaliation and dismissed the case.  *Id.* at 4-5.  The Court also noted that it could not consider Plaintiff's additional filings, Docs. [5], [14], and [17], as amendments to his Complaint, because the filings were neither referenced in nor appended to the Complaint, and Plaintiff had not moved to amend the Complaint.  *Id.* at 3.

In his Motion for Reconsideration, Plaintiff argues that the Court's August 26, 2022, Order "failed to list the instructions that was given to me whenever I spoke with Human Resources."  *Id.* at 1.  Plaintiff also states that he was "told not to say anything to [the person who made an accusation against him],"[1] but that "she came and spoke to me in front of everybody on camera in the cafeteria."  *Id.*  According to Plaintiff, he spoke to "Mary," an attorney for St. Louis County, who "told [him] that she[2] want to talk to me but Calvin Ross her supervisor forced her not to talk to me."  *Id.*

---

[1] In its August 26, 2022, Order, the Court noted Plaintiff's statement that he "was accused of something [he] did not do."  Doc. [26] at 1 (quoting Doc. [4] at 1).  Here, Plaintiff appears to refer to the person who made that accusation.  Doc. [28] at 1.

[2] Plaintiff again appears to refer to the person who made an accusation against him.

Plaintiff goes on to describe his achievements, noting that he was "hired and qualified because [he] graduated from the University of Missouri in 2015 with [his] bachelors degree," that he has worked "in the community for the past 12 years," that he was accepted to a master's degree program, that he completed an internship "with Channel 5 news," and that he now works in "the insurance business for only a year [as] one of the top agents in the company." *Id.* at 1-2.

Plaintiff recounts the "things [he] had to deal with [while] working for Saint louis county," including "writing letters to judges, about how kids were not treated property [sic] . . . [and] [h]ow staff members abused their powers as well," as well as advocating "for each and every youth in the center." *Id.* According to Plaintiff, he "followed all of Saint louis county's policy and Procedure" and "never sexually harassed anybody." *Id.* at 2.

Plaintiff filed his Motion for Reconsideration on September 2, 2022. *See* Doc. [28]. St. Louis County has not responded to the motion.

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . [or] (6) any other reason that justifies relief." "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).  A motion for reconsideration "is not a vehicle for simple reargument on the merits."  *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).  If a party does no more than present the same argument a second time, that "ground alone is sufficient" to deny the motion.  *Id.*

## DISCUSSION

Plaintiff appears to argue that the Court should reconsider its August 26, 2022, Order based on the facts outlined above.  Plaintiff does not argue that the Court failed to consider any of his prior arguments, nor does he specifically contest the Court's reasons for dismissal.  As support for his motion, Plaintiff references an attachment that appears to include Plaintiff's correspondence, a letter from the Missouri Commission on Human Rights addressing Plaintiff's complaint, his University of Missouri diploma, a list of sales relating to his work as an insurance agent, and a news article that mentions Plaintiff.  *See* Doc. [28-1].

Motions for reconsideration "are not to be used to 'introduce new evidence that could have been adduced during pendency' of the motion at issue." *Arnold*, 627 F.3d at 721 (quoting *Hagerman*, 839 F.2d at 414).  Plaintiff does not argue that any of the evidence in the attachment to his motion is "newly discovered evidence" that might justify reconsideration. *Id.* (citing Fed. R. Civ. P. 60(b)(2)).  Instead, Plaintiff presents substantially the same arguments that the Court already considered and rejected in its August 26, 2022, Order.  Plaintiff has done "nothing more than reargue, somewhat more fully, the merits of [his] claim." *Broadway*, 193 F.3d at 989-90. Because he already received "a full and fair opportunity to litigate his claim," *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005), Plaintiff's Motion for Reconsideration is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, Doc. [28], is **DENIED**.

Dated this 23rd day of November, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3